Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5587
F: (818) 600-5464
E: brian@pricelawgroup.com

Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Paula Hanson*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAULA HANSON,<br><br>    Plaintiff,<br><br>v.<br><br>DISCOVER BANK,<br><br>    Defendant. | **Case No. 2:19-cv-247**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br> 1. TCPA, 47 U.S.C. § 227<br> 2. RFDCPA, Cal. Civ. Code § 1788 *et. seq.*<br> 3. Intrusion Upon Seclusion<br> 4. Cal. Civ. Code § 3294 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Paula Hanson ("Plaintiff"), by and through her attorneys, alleges the following against Discover Bank, ("Defendant" or "Discover"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly

regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

4. Count IV of Plaintiff's Complaint is based upon Exemplary Damages, Cal. Civ. Code § 3294, which allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367(a) and 47 U.S.C. §227.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in California.

9. Plaintiff is a "debtor" as defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

11. Defendant, Discover is a financial institution with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015 and it can be served through its registered agent CT Corporation at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant is attempting to collect a debt from Plaintiff.

14. In or around August of 2018, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-8733, in an attempt to collect a debt.

15. The calls mainly originated from the following numbers: (800) 767-1848 and (800) 347-0350. Upon information and belief, these phone numbers are owned or operated by Defendant.

16. On or about August 7, 2018, at 10:15 p.m., Plaintiff answered a call from Defendant and spoke with a representative.

17. After picking up the call, Plaintiff noticed a delay before Defendant's representative began speaking, indicative of the use of an automatic dialing system.

18. Defendant informed Plaintiff that it was attempting to collect a debt incurred by Plaintiff.

19. During that call, Plaintiff explained in great detail what she was going through and why she could not pay. Plaintiff is homeless, living in her car, unemployed, and living off of her social security income.

20. Plaintiff, during that call with Discover, revoked consent to be called further by Discover.

21. Plaintiff also told Discover that if anything changed she would call them, and that she did not want Discover to call her any further.

22. Discover's representative gave Plaintiff the phone number to Discover's

hardship department to see if they could help her.

23. On or about August 10, 2018, at approximately 11:10 a.m., Plaintiff answered a call from Defendant and spoke with a representative named "Didi."

24. Didi told Plaintiff that she was aware of Plaintiff's hardship but attempted to setup a payment plan with Plaintiff anyways.

25. Didi suggested a plan to pay $263.00 a month, an amount Plaintiff could not afford.

26. Plaintiff agreed to pay $50.00 and put her rewards money balance of $64.98 towards the balance for a total of $114.98; approximately $148.00 less than the amount needed.

27. Didi accepted Plaintiff's partial payment even though it was significantly less than the required payment for that month.

28. Discover continued to place calls to Plaintiff despite her significant financial hardships and her partial payment on her debt.

29. Discover called Plaintiff almost every day between August 17 and September 14, 2018, frequently Discover would call Plaintiff multiple times a day.

30. On August 29, 2018 at approximately 1:02 p.m., Plaintiff answered another call from Discover and spoke with a representative, "Andrea."

31. Andrea attempted to setup a new payment plan with Plaintiff because Plaintiff could not afford the plan Didi attempted to setup.

32. Plaintiff, again, explained her financial situation. Plaintiff is homeless, living in her car, unemployed, and could not afford to pay Discover anything.

33. Plaintiff told Andrea that if her financial situation changed, she would call Discover to make a payment.

34. On September 10, 2018, at approximately 2:40 p.m., Plaintiff answered another call from Discover and spoke to a representative.

35. Plaintiff, again, had to explain to the representative that she was facing extreme financial difficulties and the she could not afford a payment to Discover.

36. Plaintiff again requested that Discover stop calling her and if her situation changed, she would call Discover to make a payment.

37. On September 14, 2018 at approximately 12:00 p.m., Plaintiff answered another call from Discover and spoke with "Caleb."

38. Caleb informed Plaintiff that she had missed several payments and Plaintiff, again, explained that she was going through extreme financial hardship and had no money to pay.

39. Plaintiff then told Caleb that she would call Discover if anything changed regarding her finances and requested that Discover stop calling her.

40. Plaintiff received approximately fifty (50) calls between August 7, 2018 and September 14, 2018 despite her repeated explanations of her severe hardships and revocations of consent to be called further.

41. Plaintiff is in a severely financially difficult time.

42. Plaintiff is homeless and living in her car.

43. Plaintiff is unemployed and her only source of income is social security.

44. Plaintiff tried to work with Discover to setup a reasonable payment plan and even made a partial payment to Discover, but they continued to call her and try to set up unreasonable payment plans.

45. Defendant is familiar with the TCPA and the RFDCPA.

46. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

47. Defendant's conduct as described above was intended to harass, annoy, coerce, and intimidate Plaintiff into paying the alleged debt or increasing the amount Plaintiff was willing to pay.

48. Specifically, Plaintiff reasonably believed that Defendant would never stop calling her because she could not afford to pay the debt and Defendant lead Plaintiff to believe that she could only stop the collection calls by paying her debt with Defendant.

49. Defendant had other options to collect on its debt from Plaintiff.

50. Plaintiff's financial and living situations leave her stressed and worried about her finances regularly and the harassing phone calls from Discover severely contributed to increasing her stress levels.

51. As a result of Defendant's conduct, Plaintiff has sustained actual damages more detailed above as well as, embarrassment, emotional and mental pain and anguish.

52. Each and every one of Defendant's telephone calls caused Plaintiff anxiety, stress, annoyance and embarrassment.

## COUNT I

## Violations of the TCPA, 47 U.S.C. §227

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Defendant knowingly and/or willfully violated the TCPA.

55. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### Violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq.*

56. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57. Defendant violated the RFDCPA. Defendant' violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

   b. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   c. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

   d. Defendant violated Cal. Civ. Code §1788.11(d), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … (d) Causing a telephone to ring repeatedly or continuously to annoy the person called;" and

   e. Defendant violated Cal. Civ. Code §1788.11(e), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … (e) Communicating, by telephone or in person,

      with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

    f. Defendant violated Cal. Civ. Code §§ 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

    g. Defendant violated Cal. Civ. Code §§ 1788.11 by calling Plaintiff repeatedly to annoy Plaintiff, and with such a frequency as to be unreasonable and to constitute an harassment of Plaintiff.

58. Defendant's acts, as described above, were done intentionally and with malice with the purpose of harassing, abusing, annoying, coercing, intimidating, and oppressing Plaintiff to pay.

59. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, punitive damages, statutory damages, and attorney's fees and costs.

## COUNT III

### Defendant's Invasion of Privacy of Plaintiff

60. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

61. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

62. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff having unequivocally revoked consent to be called.

b. The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that frequently interrupted Plaintiff's daily activities, temporarily occupied Plaintiff's telephone line, and distracted Plaintiff.

d. Defendant's acts, as described above, were done intentionally with the purpose of coercing, oppressing, abusing, and harassing Plaintiff to pay the alleged debt, or to pay more than Plaintiff would otherwise, or to cause Plaintiff to unknowingly restart the statute of limitations.

63. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## COUNT V
### (Exemplary Damages – Punitive Damages)

64. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

65. Cal. Civ. Code § 3294(a) allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

66. Cal. Civ. Code § 3294(c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the safety of others.

67. Cal. Civ. Code § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

68. Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by Cal. Civ. Code §§ 3294(c)(1) and

1  3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

69. Defendant was aware that Plaintiff had repeatedly requested to not be called on her cell phone and Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, RFDCPA and Plaintiff's privacy rights.

70. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Paula Hanson respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA and the RFDCPA;

B. Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

C. Actual damages pursuant to Cal. Civ. Code §1788.30;

D. Statutory damages pursuant to Cal. Civ. Code §1788.30;

E. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a)Punitive damages for intrusion upon Plaintiff's seclusion;

F. Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30;

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Court deems appropriate.

Respectfully submitted this 11th day of January 2019.

<u>/s/Brian Brazier</u>
Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5587
F: (818) 600-5464
E: brian@pricelawgroup.com

Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Paula Hanson*
